**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 18, 2013

LETTER TO COUNSEL:

      RE:    *Melissa Broadwater v. Commissioner, Social Security Administration*;
           Civil No. SAG-12-1097

Dear Counsel:

      On April 11, 2012, the Plaintiff, Melissa Broadwater, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income.[1] (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Broadwater filed her claim on March 23, 2009, alleging disability beginning on January 1, 2005. (Tr. 119-125). She subsequently amended her onset date to March 23, 2009. (Tr. 31, 34). Her claim was denied initially on August 13, 2009, and on reconsideration on January 11, 2010.[2] (Tr. 99-102, 104-05). A hearing was held on December 6, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 32-61). Following the hearing, on March 24, 2011, the ALJ determined that Ms. Broadwater was not disabled during the relevant time frame. (Tr. 15-30). The Appeals Council denied Ms. Broadwater's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

---

[1] Ms. Broadwater also filed an application for Disability Insurance Benefits on the same date. Any action taken by the Commissioner on that application is not properly presented to me at this time. I note, however, that the file suggests that Ms. Broadwater is ineligible for DIB. (Tr. 127).

[2] Ms. Broadwater contends that because the reconsideration letter is undated, remand is required. That argument lacks merit for two reasons. First, the file contains the "Disability Determination Transmittal" for the reconsideration letter, which is dated January 11, 2010. (Tr. 92). That date appears to be accurate, because Ms. Broadwater filed her request for hearing on January 29, 2010, indicating that she had received the reconsideration letter. Second, the Commissioner is not challenging the timeliness of Ms. Broadwater's request for a hearing, and the hearing and administrative appeal proceeded without incident. The absence of a date on the reconsideration letter itself is therefore entirely immaterial.

*Melissa Broadwater v. Commissioner, Social Security Administration*
Civil No. SAG-12-1097
March 18, 2013
Page 2

The ALJ found that Ms. Broadwater suffered from the severe impairments of bipolar disorder, HIV positivity, and obesity.  (Tr. 20).  Despite these impairments, the ALJ determined that Ms. Broadwater retained the residual functional capacity ("RFC") to:

> perform a restricted range of light work as defined in 20 CFR 416.967(b) except the claimant can perform only occasional postural activities, with the following non-exertional limitations:  she is limited to routine, repetitive and simple tasks, and she cannot have frequent face to face interactions with others.

(Tr. 21).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Broadwater could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame.  (Tr. 24-25).

Ms. Broadwater advances five arguments in support of her appeal:  (1) that her bipolar disorder met or equaled listings 12.04A & B; (2) that the ALJ violated the treating physician rule by failing to assign controlling weight to the opinions of Dr. Balis and Dr. Taylor;[3] (3) that the ALJ's mental RFC was not supported by substantial evidence; (4) that the ALJ erred at step two by failing to find her IQ to be a severe impairment; and (5) that the ALJ's hypothetical to the VE was incomplete.  Each argument lacks merit.

Ms. Broadwater's first argument is that her bipolar disorder meets listings 12.04A & B.  In making that argument, she essentially relies on her own testimony regarding her symptoms and on the opinion of her treating physician, Dr. Balis.  The ALJ made an adverse credibility determination, contrasting Ms. Broadwater's testimony about her limitations with the paucity of medical evidence supporting debilitating impairments.  (Tr. 23-24).  Moreover, as addressed more thoroughly below, the ALJ properly assigned little weight to Dr. Balis's opinion.  While I note that the ALJ's step three analysis did not comport with the best practice of identifying the evidence supporting the degree of limitation in each functional area, the remainder of the opinion contains substantial evidence to support the ALJ's determination that the listings had not been met.

Ms. Broadwater next suggests that the ALJ failed to assign sufficient weight to the opinions of her treating physicians, Dr. Balis and Dr. Taylor.  Although the opinions of treating physicians can be entitled to controlling weight, such an opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record.   20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  Moreover, the regulations provide for weight to be afforded to a doctor's opinion commensurate with that doctor's familiarity with the patient. "When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it

---

[3] Dr. Taylor appears to be identified as "Dr. Day" in Ms. Broadwater's brief. *See, e.g.,* Pl. Br. 12-13.  His handwriting is difficult to decipher, but Taylor appears to be the correct surname. (Tr. 319).

*Melissa Broadwater v. Commissioner, Social Security Administration*
Civil No. SAG-12-1097
March 18, 2013
Page 3

were from a nontreating source." 20 CFR § 404.1527(c)(2)(i).  Finally, the ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(1); SSR 96–5p.

In Ms. Broadwater's case, the ALJ's explanation of his assignment of weight to each physician was supported by substantial evidence.  With respect to Dr. Balis, the ALJ noted that Dr. Balis had only treated Ms. Broadwater for four months, had performed no psychiatric or psychological testing, and had assigned degrees of limitation that were inconsistent with the medical evidence of record and with Ms. Broadwater's own testimony about her activities.  (Tr. 22-23).  With respect to Dr. Taylor, the ALJ noted that the opinion appeared to be "based solely on 10 days of reported back pain, with no evidence of ongoing treatment," and once again noted inconsistency with the medical evidence of record and with Ms. Broadwater's testimony.  (Tr. 23).  The ALJ correctly characterized the medical evidence of record by stating that "all physical and psychiatric examinations were, at best, demonstrative of mild impairment."  *Id.*  As a result, remand is unwarranted.

Third, Ms. Broadwater argues that the ALJ's mental RFC was not supported by substantial evidence.  An ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC.  Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton–Miller v. Astrue,* 459 F.App'x 226, 230–31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion as to an RFC, but should base an RFC on all available evidence).  Moreover, the ALJ assigned "little weight," not "no weight," to Dr. Balis's opinion, and specifically cited the findings of Dr. Ansel, in addition to considering Ms. Broadwater's functional abilities and her reports to other physicians of her capabilities.  (Tr. 22-24).  Substantial evidence therefore supported the ALJ's mental RFC analysis, which resulted in an RFC limiting her work to "routine, repetitive and simple tasks" without "frequent face to face interactions with others."  (Tr. 21).

I do note that the ALJ erred in assigning "the greatest weight" to "the opinions of the experts who prepared the State Agency (DDS) reports." (Tr. 24).  That entire paragraph appears to be unrelated to Ms. Broadwater's case, because all of the reviewing state agency consultants in her case determined that they had insufficient evidence to render opinions. (Tr. 295-311).  The ALJ's clear error, however, does not invalidate the remainder of his opinion, which provides substantial evidence supporting the mental RFC he assigned to Ms. Broadwater.

Fourth, Ms. Broadwater contends that the ALJ should have found her IQ of 76 to be a severe impairment at step two.  An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a).  The claimant bears the burden of proving that his impairment is severe. *Johnson v. Astrue*, No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)).   Under Fourth Circuit law, a mere diagnosis of borderline intellectual functioning does not establish a severe impairment absent some corresponding loss of function.  *See Gross v. Heckler*, 785 F.2d

*Melissa Broadwater v. Commissioner, Social Security Administration*
Civil No. SAG-12-1097
March 18, 2013
Page 4

1163, 1166 (4th Cir. 1986) (citing *Sitar v. Schweiker*, 671 F.2d 19, 20-21 (1st Cir. 1982) ("However, a psychological disorder is not necessarily disabling. There must be showing of related functional loss.")   It is clear from the ALJ's RFC analysis that he found no such limitations in Ms. Broadwater's case. (Tr. 23) ("Likewise, treatment records show that the claimant was able to adequately engage in routine physical activities, and perform her regular activities of daily living.").   Moreover, even if I were to agree that the ALJ erred in his evaluation of any of Ms. Broadwater's impairments at step two, such error would be harmless. Because Ms. Broadwater made the threshold showing that other disorders constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and nonsevere, that significantly impacted Ms. Broadwater's ability to work. *See* 20 C.F.R. § 404.1523.   Accordingly, I find no basis for remand.

Ms. Broadwater's final argument is that the hypothetical presented to the VE was incomplete, because it did not include various limitations suggested by the opinion of Dr. Taylor, the opinion of Dr. Balis, and Ms. Broadwater's own testimony.   However, the ALJ made an adverse credibility determination as to Ms. Broadwater's description of her limitations, and assigned little weight to the opinions of Dr. Balis and Dr. Taylor.   The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).   Because, as set forth above, the ALJ's RFC was supported by substantial evidence, the hypothetical properly contained only the limitations found by the ALJ.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED.   The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.   An implementing Order follows.


Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge